[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION DE: THE DEFENDANT'S MOTIONS FOR CONTEMPT(#214 AND #215) MOTION TO MODIFY VISITATION (#219) AND THE PLAINTIFF'SMOTION TO MODIFY VISITATION (#267)
The evidence clearly demonstrates that the relationship between the defendant and his older daughter, Katherine, has broken down. The Family Relations Officer has recommended that the visitation order allowing visitation by the father with his older daughter be suspended. The primary complaint of the child is that her father will not listen to her. In addition, the father has appeared unannounced at her school, at the homes of several of her friends, and at her summer camp.
This court will not force the child to visit with her father at the present time. The father's attempts to discuss the family's issues with the parents of friends of the child have only served to embarrass the child.
The father and the younger child have been visiting on a regular basis. The Family Relations Office has recommended visits from 5 p. m. to 7 p. m. every Tuesday and from noon to 5 p. m. on alternating Saturdays. The current visits extending over most of CT Page 6944 the day are too tiring for the child.
The therapist who has been seeing the older child is found to be a candid and persuasive witness, displaying no bias or prejudice toward either parent. The witness's testimony supports the recommendations of the Family Relations Office.
The therapist also testified that the children's mother encouraged the children to visit with their father. Such encouragement directed to the older child was reduced only when the mother's relationship with Katherine appeared to be in jeopardy. The court finds no basis for the defendant's allegations of contempt in this regard.
The plaintiff installed a cordless telephone for the children, together with an answering machine. The defendant complains that he is unable to reach the children on the phone since the plaintiff's fax or the answering machine is often turned on. The telephone and the answering machine are under the control of the children.
The defendant complained that the Tuesday 2/13/96 visit with the younger child was missed. It was. The child was sick.
Next, the defendant complained that the February 17-18 weekend visit was lost. It was not. The court finds as fact that the following weekend was substituted to replace the prior weekend visit.
The defendant complains that several Tuesday visits with Katherine were missed. However, the defendant was work delayed; the defendant did not appear for 30 minutes and the mother and Katherine returned home; and the defendant attempted to alter sleepover plans of the child. Other dates were also contested but, in every case, the defendant's action contributed to the problem. No contempt can be found.
The defendant alleges the plaintiff did not negotiate in good faith for an agreed summer visitation schedule. The evidence demonstrates that vigorous negotiation took place, particularly early in the year while the defendant was still represented by counsel. The defendant introduced a letter (Defendant's Exhibit C) purporting to accept the schedule proposed by the children's attorney and Family Relations. The context of the letter is important. The defendant wanted eleven continuous days with no CT Page 6945 further room to talk when the plaintiff was seeking an adjustment in the time frame. The court finds no contempt.
It is found to be in the best interests of the older child that visitation with her father be suspended.
It is found to be in the best interests of the younger child that overnight visitation be suspended until suitable home or home-like quarters are obtained by the defendant and the court finds such to be the case in a future hearing. Periodic visits are modified to every Tuesday evening, which continues the current arrangement but to take place from 5 p. m. to 7 p. m. Weekend visits shall take place on alternating Saturdays as is currently done, but from noon to 5 p. m.
The parents are each encouraged, but not ordered, to obtain some form of help to allow communications to develop directly in matters concerning their children
 "Oh wad some power the giftie gie us To see oursels as others see us!"[1]
Ordered:
The defendant's motions are all denied.
The plaintiff's motion is granted as above.
The issue of attorney fees will be disposed of by the court in its memorandum on the financial issues of the final judgment currently being prepared.
The anticipated issue of 1997 summer visitation is referred to the Family Relations Office for mediation.
HARRIGAN, J.